All the Justices concurring.

---

THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. M. V. B. BENNETT.

ATTORNEY'S LIEN—*Notice.* Where an attorney, who is a member of a law firm composed of three persons, receives from a railway company a draft to deliver to a third person in the settlement of a law suit, and in such suit none of the members of the firm represented the railway company, or had anything to do with the case, a notice of an attorney's lien served upon the members of the firm, other than the one who actually received the draft, will not be notice upon the attorney receiving the draft, or make such attorney receiving the draft chargeable with negligence in delivering the draft according to his instructions, before the attorney serving notice of his lien has been paid or satisfied.

*Error from Cherokee District Court.*

IN October, 1884, *M. V. B. Bennett* commenced his action before a justice of the peace of Cherokee county against *The St. Louis & San Francisco Railway Company,* to recover attorney's fees. He obtained judgment before the justice of the peace, and the railway company appealed to the district court. With the consent of the defendant, the plaintiff filed an amended bill of particulars, in words and figures as follows, (court and title omitted:)

"The plaintiff, complaining of the defendant, for his cause of action respectfully shows unto the court, by way of amendment to his original bill of particulars, that the defendant is

a corporation doing business in Cherokee county, state of Kansas; that on the 18th day of September, 1882, and at divers days thereafter, the plaintiff performed services for it as local attorney in the county of Cherokee, state of Kansas; that said defendant agreed and promised to pay to plaintiff such compensation as his services were reasonably worth; that said services were of the value of three hundred dollars; that defendant has often been requested to pay said plaintiff for the same, but that said defendant fails, neglects and refuses to pay plaintiff for the same, or any part thereof; that said sum is due and unpaid.

"Wherefore, plaintiff prays judgment of said defendant for said sum of three hundred dollars and his costs."

The defendant filed no answer, or other pleading in the case.

Trial had at the January Term, 1885, before the court, with a jury. The jury returned a verdict for the plaintiff, and assessed his damages at $50. They also made the following special findings of fact:

"1. Did the plaintiff represent the railway company in the case of Brubaker against the railway company? No.

"2. Did the firm of Bennett, Lewis & Bennett represent the railway company in the case of Jarrett v. The Railway Company; Cummings v. Railway Company; and Darrick v. The Railway Company? Yes.

"3. Did J. D. Lewis act as one of the attorneys for the railway company in the above case, with the consent of M. V. B. Bennett? Yes.

"4. Was Pat Bennett a member of the firm of Bennett, Lewis & Bennett? Yes.

"5. Did the firm of Bennett, Lewis & Bennett represent the company, or have anything to do with the case of Brubaker v. The Railway Company? No.

"6. Was the draft to pay Mrs. Brubaker sent by the railway company to M. V. B. Bennett to be turned over to Mrs. Brubaker? Yes.

"7. Did Cowley & Hampton, or either of them, notify a member of the firm of Bennett, Lewis & Bennett that they had a claim on the money of Mrs. Brubaker before the check had been delivered to Mrs. Brubaker? Yes."

Thereupon the railway company filed its motion for judg-

ment upon the special findings, notwithstanding the general verdict, which motion the court overruled. The company then filed a motion for a new trial, which motion was also overruled. The plaintiff remitted ten dollars from the amount of the verdict, and the court then entered judgment against the company for $40 and costs, taxed at $24.50. The defendant brings the case here.

*W. H. Phelps*, for plaintiff in error.

*Bennett, Lewis & Bennett*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was instituted by M. V. B. Bennett against the St. Louis & San Francisco Railway Company, to recover from it the sum of $300 for alleged services as attorney. The action was originally brought before a justice of the peace of Cherokee county, and was subsequently taken upon appeal to the district court of that county. The defense was that M. V. B. Bennett represented the railway company in the case of Mrs. Brubaker against the company, and that by reason of his negligence and carelessness in matters connected with that case, the company was required to pay $111.80, for which it alleged that Bennett was liable. Upon the uncontradicted evidence in the case, not regarding the set-off or counter-claim of the railway company, Bennett was entitled to recover for his services the sum of $65. If the set-off or counter-claim of the company had been allowed, the company would have been entitled to judgment for $36.80. The jury rendered a verdict for Bennett for $50, but he remitted $10 of this, and judgment was taken for $40 and costs.

As to the set-off or counter-claim of the railway company, the evidence tended to show that a settlement had been negotiated in the Brubaker case for $250, and a draft for that amount sent by the company to M. V. B. Bennett to deliver to Mrs. Brubaker. Bennett indorsed and delivered the draft to his brother, Pat. Bennett, a member of the firm of Bennett, Lewis & Bennett, who delivered the same to Mrs. Bru-

baker. The firm of Cowley & Hampton were the attorneys of Mrs. Brubaker, and when they learned that a settlement of the case had been had and that a draft had been received by Bennett to pay Mrs. Brubaker, they attempted to serve upon Bennett a notice of their lien for fees. They claimed $125. Subsequently they brought suit against the company to recover the amount of their lien, but the case was settled for $75 and costs, making $86.80. In addition to this, the railway company paid out $25 for expenses in making the settlement, making a total of $111.80, for which it claimed that Bennett was liable. Upon the trial, the railway company asked the court to instruct the jury that—

"If they found from the evidence that Cowley & Hampton, or either of them, served a notice [of their lien for fees in the Brubaker case] upon any member of the firm of Bennett, Lewis & Bennett before the money was paid to Mrs. Brubaker, and a member of the firm upon whom the notice was served had the draft or check in his possession at the time of the service of the notice upon him, the plaintiff could not recover."

The court refused to give this instruction, but charged the jury, among other things, in effect as follows:

"If you find from the evidence in this case that the plaintiff in this action was employed by the railroad company to look after the case of Mrs. Brubaker v. The Company, and that the same was subsequently compromised, and that he had a draft for Mrs. Brubaker for the purpose of carrying out the terms of the settlement, and that Messrs. Cowley & Hampton, who represented the plaintiff in the action so compromised, notified the plaintiff in this action of their lien upon the money or draft in his hands, it was his duty to protect, or use ordinary care and prudence to protect, the company from any loss; and if in the absence of such care and prudence he permitted the money to be turned over or paid to Mrs. Brubaker, and thereby the company has sustained loss in any sum, then such company will be entitled to recover of the plaintiff in this action a sum as will compensate it, or make it whole therefor. If the plaintiff in this case paid over the draft or check sent him to settle the case of Mrs. Brubaker before he had actual notice of the claim or lien of her attorneys, Messrs.

Cowley & Hampton, he is not chargeable with negligence in making such payment; but if he had notice of the claim of Messrs. Cowley & Hampton before he paid said draft to Mrs. Brubaker, then it was his duty to use reasonable care, prudence and skill in protecting his client from loss, damage or injury on account thereof."

There was some evidence upon the trial that the firm of Bennett, Lewis & Bennett, of which firm M. V. B. Bennett was a partner, represented the railway company in the case of Mrs. Brubaker against that company; but the jury specially found, as a fact, that the firm of Bennett, Lewis & Bennett did not represent the company, nor have anything to do with the case of Mrs. Brubaker against the railway company. Therefore, if there was any error in the refusal to give the instruction prayed for, this finding is conclusive that such error was in no respect prejudicial to the interests of the company complaining. (*Luke v. Johnnycake*, 9 Kas. 511; *Woodman v. Davis*, 32 id. 344.) If M. V. B. Bennett only acted for the railway company in the case with Mrs. Brubaker in receiving and turning over to her the draft given in settlement of her claim, and the firm of which he is a partner had nothing to do with the case, (and so the jury find,) then a notice of the lien from Messrs. Cowley & Hampton to the other members of the firm of Bennett, Lewis & Bennett would not affect M. V. B. Bennett, or make it negligent for him to deliver to Mrs. Brubaker her draft. M. V. B. Bennett cannot be charged with negligence in delivering the draft, through his brother, to Mrs. Brubaker, unless he had actual notice of the lien of Messrs. Cowley & Hampton before the draft reached Mrs. Brubaker. Counsel comment upon the letter dated September 20, 1882, purporting to be from M. V. B. Bennett to John O'Day, Esq., general attorney of the St. Louis & San Francisco Railway Company, as showing that the firm of Bennett, Lewis & Bennett represented the railway company in the case of Mrs. Brubaker against that company. Mr. Bennett explains this letter by stating that although it purported to be signed by himself, it was written

Notice of attorney's lien.

by Mr. Lewis, of the firm of Bennett, Lewis & Bennett, and that in some matters it was incorrect. The railway company has no right to complain that the judgment was rendered for $40 only, when upon the evidence and findings of the jury, Bennett should have had judgment for $65. If the jury had found that the firm of Bennett, Lewis & Bennett had anything to do with the case of Mrs. Brubaker against the railway company, then, upon the other findings, the company would be entitled to judgment; but the finding upon this point is against the railway company, and although perhaps the preponderance of the evidence is with the company, there seems to be in the record sufficient evidence to sustain the finding.

The judgment of the district court must therefore be affirmed.

All the Justices concurring.